**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

GRACE ELIZABETH PENNINGTON,

Plaintiff,

Case No: 2:23-cv-01736-PP

v.

KOHL'S CORPORATION,

Defendant.

---

**DEFENDANT KOHL'S CORPORATION'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

---

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56(b)(1), Defendant Kohl's Corporation ("Kohls") hereby submits the following statement of undisputed material facts in support of its motion for summary judgment.

1. The Instant Pot at issue in this lawsuit ("Subject Instant Pot") was tested to UL 1026, the industry standard that governs electronic pressure cookers. Rondinone Dep., at 21:12-17. Exhibit G to Motion for Summary Judgment.

2. UL 1026 is the appropriate standard for pressure cooker lid safety. Rondinone Dep. at 21:8-11.

3. The Subject Instant Pot came with an owner's manual. Instant Pot Owner's Manual, Exhibit E to Motion for Summary Judgement; Plaintiff's Dep. Ex. E to Motion for Summary Judgment at 21:11-15.

4. The Instant Pot manual warns consumers to always check the float valve for clogging. Owner's Manual at 4.

5. The Instant Pot owner's manual warns consumers "Do not force lid open when

the float valve is up." *Id*.

6. The Instant Pot owner's manual warns consumer "do not open the lid until the pressure inside the pot is completely released. As a safety feature, until the float valve drops down the lid is locked and cannot be opened. Do not force lid open. *Id*. at 20.

7. Rondinone inspected the Subject Instant Pot and found the float valve and locking mechanism functioned properly. Rondinone Dep. at 29:9-17.

8. When Rondinone inspected the Subject Instant Pot, he did not notice any debris in the float valve that would have prevented it from operating properly. *Id*. at 29:9-17.

9. Rondinone is not aware of any evidence that there was clogging of the float valve prior to when he inspected it. *Id*. at 31:6-14; 31:25-32:12.

10. Trying to force open the lid of the Instant Pot when the float valve is still up or the lid is difficult to lift would be a misuse of the product. Id. at 54:9-25.

11. At the time of the incident, the float valve was free and functioning properly. Plaintiff's Dep. at 32:14.

12. At the time of the incident, Plaintiff forcibly rotated the lid of the Instant Pot multiple times while the float valve remained in the up position. Plaintiff's Dep. at 76:5-18; 80:19-81:3.

13. At the time of the incident, Plaintiff forcibly rotated the lid of the Instant Pot multiple times while the Instant Pot was pressurized and locked. *Id*.

14. Prior to the incident, Plaintiff used Subject Instant Pot serval times a week or several times a month. Id. at 19:4-8.

15. Plaintiff never previously had any problems with the Subject Instant Pot. Rondinone Dep. at 24:17-20.

Dated: November 14, 2025

Respectfully Submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

*/s/ Amneet Mand*

Amneet Mand (admitted pro hac vice)
Bryan Cave Leighton Paisner LLP
1260 6th Ave
New York, NY 10104
212-541-1289
Email: amneet.mand@bclplaw.com

AND

Richard P. Cassetta (admitted pro hac vice)
Bryan Cave Leighton Paisner LLP
One Metropolitan Square
211 N Broadway - Ste 3600
St. Louis, MO 63102
314-259-2823
Email: richard.cassetta@bclplaw.com

AND

Theodore J. Waldeck
WALDECK LAW FIRM PA
121 S 8th St - Ste 1400
Minneapolis, MN 55402
612-375-1550
Fax: 612-375-0647
Email: tjwaldeck@waldeckpa.com

***Attorneys for Defendant Kohl's Corporation***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 14th day of November 2025, the foregoing was served via operation of the Court's electronic filing system to counsel of record, who are listed below:

John Kress
Michael K. Johnson
Anna R. Rick
Johnson Becker PLLC
444 Cedar St - Ste 1800
St. Paul, MN 55101
Email: akress@johnsonbecker.com
Email: mjohnson@johnsonbecker.com
Email: arick@johnsonbecker.com

***Attorneys for Plaintiff Grace Elizabeth Pennington***

*/s/ Amneet Mand*