**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

GRACE ELIZABETH PENNINGTON,

Plaintiff,

Case No: 2:23-cv-01736-PP

v.

KOHL'S CORPORATION,

Defendant.

---

**DEFENDANT KOHL'S CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE THE OPINIONS OF PLAINTIFF'S EXPERT DR. DAVID RONDINONE PURSUANT TO FEDERAL RULE OF EVIDENCE 702**

---

As explained in Defendant Kohls Corporation's opening brief [Doc. No. 46], the opinions of Plaintiff's expert David Rondinone, Ph.D., P.E. ("Rondinone"), must be excluded under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993) because they are speculative, not based upon a reliable methodology, and are not helpful to the jury because they fail to fit the facts of this case. Plaintiff's Memorandum in Opposition ("Opposition") [Doc. No. 50] fails to point to any evidence in the record or legal authority to meet her burden of establishing that Rondinone's expert opinions are admissible. Rather, Plaintiff attempts to salvage her expert by crafting new opinions in her Opposition that are not contained in Dr. Rondinone's Rule 26 expert report and by making excuses as to why Dr. Rondinone did not do the testing necessary to ensure his opinions are reliable. But Plaintiff cannot salvage an expert through a legal brief where the expert's work in this case fails to satisfy the requirements for admissibility under Rule 702 and *Daubert*. Accordingly, the Court should grant Kohl's Motion to Exclude Rondinone's Opinions.

## I. ARGUMENT

### A. Plaintiff's Sole Design Defect Theory Fails to Fit the Facts of This Case

Contrary to Plaintiff's arguments contained in her Opposition [Doc. No. 50] and Plaintiff's Memorandum in Opposition to Kohl's Summary Judgment Motion [Doc. No. 51], Plaintiff's case depends on a single disclosed design defect theory: the Instant Pot involved in this incident ("Subject Instant Pot") is allegedly defective because its float valve was "exposed to potential clogging from food," which could have been avoided by a design that included a "baffle" underneath the lid of the Instant Pot. *See* Rondinone Report at 14, Conclusion and Opinion 2. [1] However, that theory fails under Rule 702 and *Daubert* because it does not fit the facts of this case.

Rondinone could point to no evidence that there was clogging of the float valve. Rondinone inspected the Subject Instant Pot and found the float valve and locking mechanism functioned properly. Rondinone Dep. at 29:9-17.[2] When he inspected the Subject Instant Pot, he did not notice debris in the float valve that would have prevented it from operating properly, and he is not aware of any evidence or testimony that there was clogging of the float valve prior to when he inspected it. *Id.* at 31:6-14; 31:25-32:12. Expert testimony that cannot be reconciled with the basic facts of this case does not assist the jury and must be excluded. *See Owens v. Auxilium Pharms., Inc.*, 895 F.3d 971, 973 (7th Cir. 2018) (excluding expert testimony because it did not "line[] up with basic facts of the case".); *Smith v. Sofamor,* S.N.C. 21 F. Supp. 2d 918, 922 (W.D. Wis. 1998) (holding that if expert opinion does not "fit" the facts of a case, it may not be considered.) Here, there is no testimonial, physical, or experimental evidence that clogging occurred at all, let alone caused the incident. Without case-specific proof or a scientifically valid method demonstrating that clogging occurred and caused the incident, Rondinone's hypothesis is

---

[1] **Exhibit B** to Kohl's Motion to Exclude [Doc. No. 46-2].
[2] **Exhibit A** to Kohl's Motion to Exclude [Doc. No. 46-1].

irrelevant and unhelpful. *See Timm v. Goodyear Dunlop Tires N. Am., Ltd.,* 932 F.3d 986, 994 (7th Cir. 2019) (expert must show conclusions result from a rigorous, verifiable approach, not speculation.); *Ervin v. Johnson & Johnson, Inc*., 492 F.3d 901, 905–06 (7th Cir. 2007) (affirming exclusion of expert opinion where the expert lacked support or explanation for causation, and where a temporal relationship alone was insufficient to establish causation).

The lack of fit is compounded by the fact that his clogging theory is based on pure speculation. Rondinone conducted no experiments, performed no measurements, and collected no data to determine whether the ingredients Plaintiff used could clog the float valve or cause the incident. Rondinone Dep, at 44:19–45:10.[3] Rule 702 requires expert testimony grounded in reliable methodology applied to the facts of the case, not hypothetical possibilities. *See Bielskis v. Louisville Ladder, Inc.*, 663 F.3d 887, 896 (7th Cir. 2011) (Seventh Circuit affirmed exclusion of expert whose theory was "nothing more than his own speculation."); *Bourelle v. Crown Equip. Corp.,* 220 F.3d 532, 537 (7th Cir. 2000) (expert's speculation about possible causes was insufficient under Rule 702). Because Plaintiff's only disclosed design defect theory lacks factual support and methodological reliability, it must be excluded.

### B. Rule 26 Bars Undisclosed Expert Opinions

Unable to tie the clogging theory to the facts of this case, in her opposition briefs, Plaintiff attempts to craft a new design defect opinion for Rondinone that was not disclosed in his expert report. In her Memorandum in Opposition to Kohl's Summary Judgment Motion, Plaintiff argues that Rondinone disclosed two design defect opinions: 1) the float valve clogging opinion discussed above; and 2) "that the interlock's raised float valve can be inadvertently depressed while attempting to open the lid or releasing pressure from the unit."[4]

---

[3] **Exhibit A** to Kohl's Motion to Exclude [Doc. No. 46-1].
[4] Plaintiff's Memo in Opposition to Kohl's Summary Judgment Motion [Doc. 51] at 3.

The problem for Plaintiff is that Rondinone did not actually disclose the supposed second design defect theory in his Rule 26 Expert Report. What Rondinone actually says in his report is as follows:

> 4. It is possible that Ms. Pennington accidentally depressed the float vale with her towel-wrapped hand while depressing the release switch. Doing so would unlock the lid and allow her to open it while pressurized.

Rondinone Report at 14, Conclusion and Opinion 4.[5] Nowhere in his expert report does Rondinone describe an alleged defect in the design of Instant Pot that would enable this "possibility" to occur, much less provide an alternative design that would have prevented this possibility from occurring.

Rule 26 requires an expert report to contain "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the data or other information considered by the witness." *See* Fed. R. Civ. P. 26(a)(2)(B). This means the expert's report must be "detailed and complete" and "must include the 'how' and 'why' the expert reached a particular result, and not merely the expert's conclusory opinions." *Salgado v. Gen. Motors Corp*., 150 F.3d 735, 741 n.6 (7th Cir. 1998). Absent that disclosure, the opinion does not come in. Thus, Plaintiff's efforts to explain and elaborate on what Rondinone really meant by the opinions stated in his report and how they might constitute a defect cannot salvage them.

The Seventh Circuit has squarely rejected the tactic Plaintiff employs here: attempting to cure a deficient report through later testimony or attorney argument. *Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 641-642 (7th Cir. 2008). In *Ciomber*, the plaintiff's expert report was "woefully deficient," offering only conclusory statements based on "inspection [and] analysis." *Id*. The court affirmed striking the expert, emphasizing that Rule 26(a)(2) requires a "complete and detailed report" of opinions and their bases. *Id*. at 642. The court further held that parties

[5] **Exhibit B** to Motion to Exclude [Doc. 46-2]

cannot "cure deficient expert reports by supplementing them with later deposition testimony," as doing so would undermine the rule's purpose of providing clear notice of expert testimony. *Id.*

For these same reasons, Rondinone's opinion that the incident was "most likely a low pressure event due to Ms. Pennington opening the lid at approximately the same time as when the float valve was down"[6] should also be excluded. Nowhere in his Expert Report does Rondinone articulate what the alleged design defect is that would have prevented the so-called "low pressure event" from causing injury to Plaintiff or what alternative design would have prevented the incident.

### C. Rondinone's Commentary on the Instant Pot Warnings Do Not Constitute Admissible Inadequate Warnings Opinions

Notably, Rondinone does not include an opinion in the "Conclusions and Opinions" section of his report that states anything about the Instant Pot Warnings being inadequate and causing the incident in this case. In the body of his report, he mentions that although a "boil over event" is "unlikely" it can't be ruled out and should therefore be warned about. Rondinone Report at p. 9.[7] However, Rondinone does not opine that an additional warning regarding boil over events would have changed Plaintiff's behavior or avoided the incident in this case, and he points to no evidence in his report suggesting that an additional warning would have changed Plaintiff's behavior. Where there is no evidence that a different warning would have altered Plaintiff's conduct or prevented the injury, a warnings claim must fail. *See Kurer v. Parke, Davis & Co*., 272 Wis.2d 390, 409 (Ct. App. 2004); *Rivers v. B. Braun Interventional Systems Inc*., Case No. 19-CV-988, 2023 WL 7166520 at *25 (E.D. Wis. Oct. 31, 2023) (granting summary judgment as to failure to

[6] **Exhibit B** to Motion to Exclude [Doc. 46-2].
[7] **Exhibit B** to Motion to Exclude [Doc. No. 46-2].

warn claim where the record was devoid of evidence that additional warnings would have changed conduct).

In this case, Plaintiff testified that she read the manuals and warnings "possibly more than three times" yet forcibly rotated the lid despite explicit instructions not to do so. Pl.'s Dep., at 20:24–23:25; 76:5–18.[8] Plaintiff's blatant disregard of the warnings provided strongly suggests she would have ignored any additional or different warning as well. *See Moore v. C.R. Bard*, Inc., 603 F. Supp. 3d 678, 682 (E.D. Mo. 2022) (granting summary judgment on plaintiff's failure to warn claim because expert "identifies no evidence—not even her own testimony—that any additional warning would have avoided her injury.")

Rondinone's Report does nothing to bridge this causation gap and, therefore, would not be helpful to the jury. While he notes that other pressure cookers display different warnings, he does not test whether alternative warnings would change user behavior, and offers no analysis showing that additional warnings would affect user conduct. Rondinone Report, at 9-11.[9] His generalized comparison of the Instant Pot warnings to the warnings that accompany other products does not satisfy Rule 702's requirements. *See Bourelle,* 220 F.3d at 538; *Lemmermann v. Blue Cross Blue Shield of Wis*., 713 F. Supp. 2d 791, 802 (E.D. Wis. 2010) (excluding expert testimony in failure to warn case because of failure to tie facts to the record.)

[8] **Exhibit D** to Motion to Exclude [Doc. No. 46-4].
[9] **Exhibit B** to Motion to Exclude [Doc. No. 46-2].

### D. Rondinone's FMEA Opinion Remains Untethered to Any Reliable Method or Causal Analysis

Rondinone's opinion that the absence of a FMEA or similar risk analysis "contributed to the failure" similarly fails Rule 702.[10] *See* Rondinone Report, , at 14.[11] Rondinone identifies no failure mode, no design deficiency, and no causal pathway linking the absence of an FMEA to Plaintiff's injury.[12] Nor does Rondinone explain what a FMEA would have revealed or how it could have affected the accident. This disconnect renders his opinion inadmissible under *Daubert*, which requires expert testimony to explain how a methodology "fit[s]" the issue in the case. *See Daubert*, 509 U.S. at 591. Courts in similar situations have rejected speculative FMEA opinions as unreliable and irrelevant. *See Moore*, 603 F. Supp. at 683 (rejecting expert's opinion that a manufacturer breached its duty based solely on speculation that it failed to perform a FMEA without citing supporting evidence); *Mendoza v. Sharkninja Operating*, *LLC*, No. 23-CV-00601-NYW-KAS, 2025 WL 2696876 at *8-9 (D. Colo. Sept. 22, 2025) (excluding opinion that defendant should have conducted an FMEA where expert provided no supporting data or causal link); *Bettencourt v. SharkNinja Operating LLC*, No. 22-CV-09091-CRB, 2024 WL 3187148, at *7 (N.D. Cal. June 25, 2024) (excluding expert's opinion that the defendant failed to perform an FMEA as "speculative and unreliable"); *Wadsworth v. Walmart Inc*., No. 2:23-CV-118-KHR, 2025 WL 1492889 (D. Wyo. Jan. 29, 2025) at *4-5 (excluding risk-assessment opinion where

---

[10] Plaintiff asserts that Kohl failed to perform a risk assessment. Opp. [Doc. No. 50] at 19. As explained in Kohl's opening brief, the UL 1026 certification is clearly visible on the product label photograph from Rondinone's report. *See* Rondinone Report, **Exhibit B** at 5, Figure 2; Motion [Doc. No. 46-2] at 11. His failure to account for that certification illustrates the speculative and incomplete nature of his FMEA critique.

[11] **Exhibit B** to Motion to Exclude [Doc. No. 46-2].

[12] Plaintiff argues that if Kohl's performed an FMEA they should have produced it during discovery. Opp. [Doc. No. 50] at 20. If Plaintiff believed Kohl's production was deficient or that additional documents were required, the proper remedy was to file a motion to compel under Fed. R. Civ. P. 37, not to raise discovery complaints in opposition to a *Daubert* motion. Plaintiff's failure to seek such relief confirms that this argument is a red herring and cannot salvage Rondinone's inadmissible opinion.

expert failed to explain how assessment applied to product). His assertion that the lack of a risk assessment "contributed to the failure" is entirely conclusory and unsupported by the present facts.

### E. Lack of Testing Renders Rondinone's Methodology Unreliable and Does Not Fit the Facts

Under *Daubert,* a "key question" regarding the reliability of an expert opinion is "whether it can be (and has been) tested." *Daubert,* 509 U.S. at 593; *see also Dhillon v. Crown Controls Corp.,* 269 F.3d 865, 870 (7th Cir.2001) ("In alternative design cases, we have consistently recognized the importance of testing the alternative design.") Here, Rondinone's opinions never progress beyond untested assumptions. Rondinone admitted that he conducted no testing of his clogging theory, performed no pressure measurements, and did no experiments on the Subject Instant Pot. Rondinone Dep.,[13] at 44:19–45:02; 46:11–47:15. Rondinone further testified that his inspection revealed no clogging or debris in the float valve. *Id*. at 31:10–14; 32:3-4. Plaintiff concedes these facts in her Opposition but argues that the inspection "didn't answer the question" of how the injury occurred and merely "raised the question" of whether clogging occurred. *See* Opp. [Doc. No. 50] at 11. That argument underscores the methodological flaw rather than curing it. Having found no evidence of a defect, Rondinone simply assumed one existed. The Seventh Circuit has rejected that approach. *See Clark v. Takata Corp.*, 192 F.3d 750, 757 (7th Cir. 2002) ("an expert does not assist the trier of fact in determining whether a product failed if he starts his analysis based upon the assumption that the product failed (the very question that he was called upon to resolve"). Rondinone cannot provide any tangible or factual support for his opinion that a baffle was necessary or that food clogging contributed to this incident at all.

The same deficiency applies to Rondinone's other theories involving accidental-depression and a low-pressure event. Plaintiff argues that Rondinone's "low pressure" theory is based on

---

[13] **Exhibit A**, to Motion to Exclude [Doc. No. 46-1].

"logical deductions, the evidence and the basic fundamentals of science". Opp. (Doc. #50) at 16. But Rondinone admitted he did not test whether the float valve could be depressed under pressure, did not measure the force required, and did not assess the pressure present at the time of the incident. Rondinone Dep., at 44:19–45:2; 47:10–15; 49:4–9.[14] These theories remain mere "possibilities," but admissible expert testimony must establish to a reasonable degree of engineering certainty that a specific defect with the Subject Instant Pot caused Plaintiff's injuries. *Clark,* 192 F.3d at 757 ("An expert must substantiate his opinion; providing only an ultimate opinion with no analysis is meaningless."); *Huss v. SharkNinja Operating LLC*, 2025 WL 257226, at *8 (S.D. Ind. Jan. 21, 2025) (excluding BEAR expert's design defect opinion where he failed to support his theory with testing or a discernible methodology); *Ervin,* 492 F.3d at 905 (affirming exclusion of expert who lacked data or explanation his causation opinion.)

Plaintiff's excuses for this absence of testing are meritless. Plaintiff's reliance on Fed. R. Civ. P. 1 claiming that testing would be "time-consuming and expensive" is nonsensical and irrelevant. Opp. [Doc. No. 50] at 13. *Daubert* does not permit speculation simply because validation requires effort. *Daubert*, 509 U.S. at 590 (expert testimony must be "more than subjective belief or unsupported speculation"). Nor does Plaintiff's argument that testing was unnecessary because Rondinone could not "exactly replicate" her recipe withstand scrutiny. Opp. (Doc. #50) at 13. Exact replication is not required. Basic testing could have addressed the core premise of Plaintiff's design defect theory: whether orange slices or syrupy contents were capable of clogging the float valve. Instead, when pressed, Rondinone admitted only that such ingredients "could potentially" clog the valve, while conceding that he observed no evidence they did so here. Rondinone Dep., **Exhibit A**, at 31:6–32:12. Speculative possibilities untethered to proof are not

[14] **Exhibit A**, to Motion to Exclude [Doc. No. 46-1].

science, and *Daubert* demands more. *See Bielskis,* 663 F.3d at 896 (Seventh Circuit affirmed exclusion of expert whose theory was "nothing more than his own speculation."); *Bourelle v. Crown Equip. Corp.,* 220 F.3d 532, 537 (7th Cir. 2000) (expert's speculation about possible causes was insufficient under Rule 702).

In sum, Plaintiff does not identify any evidence in the record or legal support for Rondinone's opinions and instead relies upon the incomplete and inapposite testimony and generalized experience. As such, Rondinone's theories are not supported by testing or any other discernable methodology, his opinions should be excluded.

### F. Rondinone's Failure to Analyze Plaintiff's Misuse Further Demonstrates the Unreliability of His Opinions

Plaintiff argues that misuse is not grounds for exclusion and that Rondinone considered it. Opp. [Doc. No. 50] at 17. The record shows otherwise. Plaintiff admitted that she forcibly rotated the lid multiple times while the float valve remained up, conduct Rondinone agreed was contrary to the instructions. Pl.'s Dep., at 76:5–18[15]; Rondinone Dep., at 54:9–25.[16] Yet Rondinone did not analyze whether this misuse caused the incident. Instead, he speculated about alternative mechanisms without testing or analysis. An expert's failure to account for obvious alternative causes renders his methodology unreliable. *Brown v. Burlington N. Santa Fe Ry. Co*., 765 F.3d 765, 773–74 (7th Cir. 2014) (affirming exclusion of expert for failing to investigate and rule out any serious alternative causes); *Gopalratnam,* 877 F.3d at 780 (one benchmark for assessing an expert's reliability is "[w]hether the expert has adequately accounted for obvious alternative explanations") (quoting Fed. R. Evid. 702 advisory committee's notes to 2000 amendment.)

---

[15] **Exhibit D** to Motion to Exclude [Doc. No. 46-4].
[16] **Exhibit A** to Motion to Exclude [Doc. No. 46-1].

## IV. CONCLUSION

Plaintiff's Opposition underscores that Rondinone's opinions are based on speculation, untested assumptions, and don't fit the facts of this case. Professional credentials cannot substitute for the lack of a reliable methodology or the requirement that expert opinions be relevant to the facts of the case and helpful to the jury. Because Rondinone's opinions do not satisfy Rule 702's requirements for admissibility, Kohl's respectfully requests that they be excluded in their entirety.

Respectfully Submitted,
**BRYAN CAVE LEIGHTON PAISNER LLP**

*/s/ Richard P. Cassetta*

Richard P Cassetta (admitted pro hac vice)
Bryan Cave Leighton Paisner LLP
One Metropolitan Square
211 N Broadway - Ste 3600
St. Louis, MO 63102
314-259-2823
Email: richard.cassetta@bclplaw.com

AND

Amneet Mand (admitted pro hac vice)
Bryan Cave Leighton Paisner LLP
1260 6th Ave
New York, NY 10104
212-541-1289
Email: amneet.mand@bclplaw.com

AND

Theodore J Waldeck
WALDECK LAW FIRM PA
121 S 8th St - Ste 1400
Minneapolis, MN 55402
612-375-1550
Fax: 612-375-0647
Email: tjwaldeck@waldeckpa.com

***Attorneys for Defendant Kohl's Corporation***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 29th day of December 2025, the foregoing was served via operation of the Court's electronic filing system to counsel of record, who are listed below:

John Kress
Michael K. Johnson
Anna R. Rick
Johnson Becker PLLC
444 Cedar St - Ste 1800
St. Paul, MN 55101
Email: akress@johnsonbecker.com
Email: mjohnson@johnsonbecker.com
Email: arick@johnsonbecker.com

***Attorneys for Plaintiff Grace Elizabeth Pennington***

*/s/ Richard P. Cassetta*