**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

GRACE ELIZABETH PENNINGTON,

Plaintiff,

Case No: 2:23-cv-01736-PP

v.

KOHL'S CORPORATION,

Defendant.

## DEFENDANT KOHL'S CORPORATION'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

As explained in Defendant Kohl's Corporation's ("Kohl's) Motion for Summary Judgment [Doc. No. 47], Kohl's Corporation ("Kohl's") is entitled to Summary Judgment as Plaintiff Grace Elizabeth Pennington ("Plaintiff") has not established any genuine issue of material fact. Fed. R. Civ. P 56(c). Plaintiff's Memorandum in Opposition to Kohl's Motion for Summary Judgment ("Opposition") [Doc. No. 51] fails to point to any specific facts that are genuinely in dispute.[1] She failed to prove a design defect, or that a failure to warn proximately caused her injuries. She also failed to evidence how additional or alternative warnings would have changed her behavior and prevented her injuries. Kohl's will address each argument raised in Plaintiff's Opposition below.

[1] In an apparent attempt to throw a red herring into the mix, Plaintiff iterates the lengthy history of a bankruptcy case against Instant Brands Inc., a company that is not a party to this case. Opp. At 4. Indeed, Plaintiff states as conclusive that Instant Brands Inc., "designed, manufactured, marketed, imported, distributed, and sold" the subject Pressure Cooker in this case, citing to her own Complaint. Id. This iteration is irrelevant to Kohl's entitlement to summary judgment and should not be considered in the determination of same.

## I. Plaintiff has not shown that additional or alternate warnings would have prevented her injuries.

As Plaintiff concedes, her case "is, primarily, a warnings defect case." Opposition at 7. However, she goes on to argue that a design defect cannot be ruled out as a contributing cause to her incident, because: 1) her expert states the "most likely cause of [her] injuries is a 'boil over' event", and 2) if Plaintiff did misuse the product, this misuse would create an issue of fact. *Id*.

First, Plaintiff's reliance on a "boil over" event as a theory of design defeat is discussed, and incorporated by reference herein, at length in Kohl's Reply brief (Doc. No. 52). Rondinone did not present a "boil over" event as a design defect theory, rather he presents it as a failure to warn theory. Having made no Supplemental Expert Disclosure, Plaintiff attempts to rewrite history through her attorney by advancing the "boil over" event as her new theory of design defect which is unsubstantiated by the record.

Second, neither Plaintiff nor her expert have presented any evidence that Plaintiff would have heeded warnings about such a "boil over" event, even if such warnings were provided. Indeed, Plaintiff stated she read the user manual three to four times before using the product but admits that she did not follow the explicit warnings against forcibly removing the lid. Having read, and ignored, the warnings that *were* provided to her, Plaintiff cannot now claim that additional or alternative warnings about a "boil over" event would have changed her behavior and prevented her injuries from occurring.

Additionally, Plaintiff contends she can establish causation if a jury finds that a reasonable person would have heeded an adequate warning, even if *Plaintiff herself* did not read the warnings and instructions. However, Plaintiff relied on outdated and overruled case law to make this

argument.[2] The Seventh Circuit has since held that reliance on *Tanner* and its prodigy (*Rogers* and *Michaels*) which Plaintiff cites to, is improper. *See In re Zimmer, NextGen Knee Implant Prods. Liab. Litig.*, 884 F.3d 746, 754 (7th Cir. 2018) ("By its own terms, then, *Tanner* does not apply to an actor who has admitted he did not read the warnings.") (internal citations and quotations omitted).

In lieu of *Tanner*, the *Zimmer* court held "[a] plaintiff who has established both a duty and a failure to warn must also establish causation by showing that, if properly warned, he or she would have altered behavior and avoided injury." *Id.* Since *Zimmer*, the Eastern District of Wisconsin has declined to follow *Tanner* and it's so called "heeding presumption". *Zember v. Ethicon, Inc.*, No. 20-CV-369-JPS, 2021 WL 1087041, at *5 (E.D. Wis. Mar. 22, 2021) ("Plaintiffs cannot make a showing of causation as they have not procured any testimony from [Plaintiff] that he either relied on the warning provided or would have acted differently if given an adequate warning). Here, Plaintiff never testified that any warning about a "boil over" event would have caused her to act differently, and possibly prevented her injuries.

Further, Plaintiff misrepresents the holding in *Schuh* as requiring that a warning or instruction be "reasonably calculated to reach and be understood by those likely to use the product." Opp. at 6. However, this statement does not exist in *Schuh*. Rather, *Schuh* explains that the duty to warn is proportionate to "the duty to make reasonable efforts to bring that warning to the attention of the potential users of the product." *Schuh v. Fox River Tractor Co.*, 63 Wis. 2d 728, 738 (1974). Here, Kohl's made reasonable efforts to provide Plaintiff with warnings, Plaintiff

[2] Plaintiff relies on *Rogers by Rogers v. K2 Sports, LLC*, 348 F. Supp. 3d 892, 904 (W.D. Wis. 2018) which cites *Michaels v. Mr. Heater Inc.*, 411 F. Supp. 2d 922 (W.D. Wis. 2006), for the "presumption that any missing instructions would have been read, and therefore a presumption of causation." *Id.* at 1006. The *Michaels* court cites to a Wisconsin Court of Appeals case in its reasoning: *Tanner v. Shoupe*, 228 Wis. 2d 357, 379-80 (Wis. Ct. App. 1999).

admitted she received and read those warnings. Plaintiff did not testify that she did not understand those warnings, nor that additional or alternative warnings would have changed her behavior.

## II. Plaintiff failed to present admissible expert testimony to defeat summary judgment.

### *a. Unsupported expert testimony is insufficient to create a genuine issue of material fact.*

First, Plaintiff argues that opposing expert opinions create issues of fact that should be determined by a jury. Opp. at. 3. However, it is well settled law that an expert's unsupported speculation about an ultimate issue of fact is insufficient to defeat summary judgment and, as explained in Kohl's Motion to Preclude Plaintiff's Expert, Dr. Rondinone (Doc. No. 46), Rondinone's report and testimony offer little more than speculation about the proximate cause of Plaintiff's injuries. *See Shurr v. A.R. Seigler, Inc.*, 70 F. Supp. 2d 900, 936 (E.D. Wis. 1999) ("A non-moving party may not defeat summary judgment merely by relying upon the statement of an expert who does not recite any of the specific facts or steps in his reasoning that led him to the conclusion stated … in his affidavit.") (internal quotations omitted). *See also Weigel v. Target Stores*, 122 F.3d 461, 469 (7th Cir. 1997) ("[A] party cannot assure himself of a trial merely by trotting out in response to a motion for summary judgment his expert's naked conclusion about the ultimate issue.") (internal quotations omitted).

Here, Rondinone's expert report was conclusionary, not based on any scientific methodology and did not provide any causal connections between any theory of defect and Plaintiff's injuries. It is therefore an insufficient expert opinion to defeat Kohl's Motion for Summary Judgment. *See N. Highland Inc. v. Jefferson Mach. & Tool Inc.*, 377 Wis. 2d 496, 512-13 (2017) ("[S]peculation is insufficient to create a genuine issue of material fact on summary judgment.").

**b. *Expert testimony is necessary to adjudicate this matter.***

Plaintiff next misuses case law to suggest that, if her expert is precluded, then this Court should find expert testimony is simply not required in this case. Opp. at 8. While Plaintiff is correct that Wisconsin law does not always require expert testimony, she concedes that such determinations "must be made on a case-by-case basis". *Id*., *see also Cole v. Janssen Pharms. Inc.* 759 F. App'x. 518, 520 (7th Cir. 2019) (citing *Weiss v. United Fire & Cas. Co.*, 197 Wis.2d 365, 541 N.W.2d 753, 758 (Wis. 1995)).

Further, Plaintiff's reliance on *Netzel* to make this point is flawed. *Netzel v. State Sand & Gravel Co.*, 51 Wis. 2d 1, 5-8, 186 N.W.2d 258, 261-62 (1971). In *Netzel*, the Wisconsin Supreme Court determined that an expert was not needed to prove that concrete handled by the plaintiff was defective because there was testimony from the job foreman, who the court considered a "lay expert". *Id.* Here, Plaintiff does not present any such "lay expert" testimony, rendering *Netzel* disanalogous. The Seventh Circuit recently confirmed that *Netzel* does not stand for the proposition that expert testimony is unnecessary when a case involves technical subject matter. *Faxel v. Wilderness Hotel & Resort, Inc.*, 113 F.4th 711, 717 (7th Cir. 2024) (holding Plaintiffs did not have any alternative evidence that would substitute for an expert and therefore could not succeed).

Rather, product liability actions that involve technical subject matter beyond the knowledge of an ordinary juror necessity expert testimony. *See e.g. Indus. Risk Insurers v. Am. Eng'g Testing, Inc.*, 318 Wis. 2d 148, 195-96 (2009). The instant case concerns the mechanical design of a home appliance. It requires explanation to a jury of scientific concepts such as the physics of pressurized cooking; how pressure safely builds and releases from a sealed container; mechanical lock features and their design; and the mechanics by which a pressure release valve operates. These topics all demand an advanced understanding of scientific engineering that are

outside the knowledge of an ordinary juror. *Lemmermann v. Blue Cross Blue Shield*, 713 F. Supp. 2d 791, 807 (E.D. Wis. 2010)(expert required to establish adequate warnings for a pool treatment product); *Gopalratnam v. Hewlett-Packard Co.*, 877 F.3d 771, 789-90 (7th Cir. 2017)(the inner components of a laptop are technical and beyond the understand of a lay person).

As such, in the event that Rondinone's testimony is precluded, summary judgment should be granted to Kohl's as, without competent and admissible expert testimony, Plaintiff cannot establish causation. *See Cali v. Danek Medical, Inc.*, 24 F. Supp. 2d 941, 950 (W.D. Wis. 1998) ("the lack of expert testimony on the question of causation results in an insufficiency of proof where the issue involves technical, scientific, or medical matters which are beyond the common knowledge or experience of jurors and the jury could only speculate as to what inference to draw).

**III. Plaintiff has not proven causation.**

Plaintiff's related argument—that expert testimony is not necessary in light of evidence of other similar incidents—is similarly unavailing. Rather than support this argument with case law holding similar incidents could substitute an expert opinion, Plaintiff cites to cases which merely discuss the admissibility of other similar incidents. *See Mihailovich v. Laatsch*, 359 F.3d 892, 908 (7th Cir. 2004). However, "evidence is not reasonably persuasive just because it is admissible[.]" *United States v. Torres-Chavez*, 744 F.3d 988, 994 (7th Cir. 2014). *See also Williams v. Hous. Auth. of City of Milwaukee*, 323 Wis. 2d 179, 188 (Wis. Ct. App. 2009) (properly admitted evidence may not necessarily constitute substantial evidence).

Moreover, Plaintiff has not shown how other incidents are *substantially similar* to hers such that they *would be admissible* in this case. She has not explained the substance of this circumstantial evidence, how or why such incidents should be deemed similar to hers, nor how this evidence is sufficient to defeat summary judgment. "At summary judgment … saying so

doesn't make it so; summary judgment may only be defeated by pointing to admissible evidence in the summary judgment record that creates a genuine issue of material fact[.]" *Scott v. Bechtel Power Constr.*, No. 09-C-366, 2010 WL 2556861, at *3 (E.D. Wis. June 23, 2010) (quoting *United States v. 5443 Suffield Terrance, Skokie, Ill.*, 607 F.3d 504, 2010 WL 2292185, at *5 (7th Cir.)).

It is apparent that the entirety of Plaintiff's case on causation rests on circumstantial evidence. Plaintiff presents one theory, her float valve clogging theory. However, as discussed in Kohl's opening briefs (Doc. Nos. 46 and 47), this theory is irrelevant to Plaintiff's incident, as there is no evidence of clogging. In fact, the record is filled with evidence (including from Plaintiff and her own expert) that the float was *not* clogged on the day of the incident. As such, the one design defect theory presented by Plaintiff's expert fails. And as argued *infra*, Plaintiff's "boil over" event, in the context of a failure to warn also fails, as the record is devoid of any evidence or testimony that would give a reasonable inference that Plaintiff would have changed her behavior had she been warned about a supposed "boil over" event, which her expert admits is unlikely.

## IV. Breach of Warranty

Plaintiff cites to *Dippel v. Sciano* to purport that the privity of contract requirement "should not be used to defeat a claim based upon a defective product unreasonably dangerous to a non-privity user." 37 Wis. 2d 443, 459 (1967). As already addressed in Kohl's opening papers, this Court need not address the issue of privity to rule on the instant Summary Judgment motion. Plaintiff cannot prevail on her claim of strict liability for design defect because the record shows that Plaintiff cannot demonstrate that a defective design caused her injuries. Plaintiff likewise cannot prevail on her claim of strict liability for failure to warn, because Plaintiff cannot demonstrate that inadequate warnings caused her injuries. Therefore, Summary Judgment is

appropriate in this instance and the question of privity, or lack thereof, should have no bearing on this Court's determination.

Moreover, Plaintiff misunderstands the impact of *Dippel* entirely: since liability can be based on breach of duty, claims based in contract obligations such as a breach of warranty claim are redundant of claims for strict liability, and should be stricken. *See Dippel*, 37 Wis. 2d at 463 ("Because we have determined that physically injured users or consumers of unreasonably dangerous defective products should pursue their remedy under the rule of strict liability in tort, we conclude that the third cause of action [premised on warranty] does not state facts sufficient to constitute a cause of action[.]"). *See also Austin v. Ford Motor Co.*, 86 Wis. 2d 628, 644, 273 N.W.2d 233, 240 (1979)( "where an action is brought in tort but denominated as breach of implied warranty, the cause of action may be maintained if sufficient facts are alleged to state a claim for strict liability in tort, but the warranty actions as such should be dismissed.") *Id.* at 645-46. *See also Crosby v. Premier Marine, Inc.*, No. 01 C 50286, 2002 WL 596373, at *1 (N.D. Ill. Apr. 15, 2002)(explaining that *Austin* "established that strict liability in tort actions precludes breach of warranty claims for physically injured users of unreasonably dangerous defective products" and dismissing warranty claims); *Liberty Mut. Fire Ins. Co. v. LG Elecs. USA, Inc.*, No. 10-C-520, 2012 WL 5497852, at *5 (E.D. Wis. Nov. 13, 2012) (dismissing breach of implied warranty claim where plaintiffs also brought negligence and strict liability claims).

Finally, Plaintiff attempts to escape her admitted misuse by arguing that "intended use" is a mere proxy for the "reasonable foreseeability" test. *Schuh*, 63 Wis. 2d at 741 (quoting *Spruill v. Boyle-Midway, Inc.*, 308 F.2d 79, 83 (4th Cir. 1962)). According to Plaintiff, her misuse of the product was foreseeable, and therefore an "intended use" of the product which entitles her to a claim for breach of warranty. However, this argument overlooks a key fact in the record: The user

manual expressly instructs users not to force open the lid, as doing so could cause burn injuries. Because the user manual specifically warns against Plaintiff's conduct, she cannot argue that her misuse aligns with the product's "intended use." *See Fort Howard Paper Co. v. Standard Havens, Inc.*, 119 F.R.D. 397, 411 (E.D. Wis. 1988), *aff'd*, 901 F.2d 1373 (7th Cir. 1990) ("The law defines misuse of a product as the use of a product in violation of express conditions, warnings or instructions against such use. It is the use of the product in a way contrary to an express condition or warning in the warranty or instruction to the contrary that constitutes misuse.").

## CONCLUSION

Absent vague references to circumstantial evidence, theories of defect without scientific or factual support, and wavering conclusions of an expert that does not address evidenced misuse as an alternative cause, Plaintiff has not produced evidence of any genuine issue of fact such that a jury could find in her favor. "It is well established that in order to withstand summary judgment, the non-movant must allege specific facts creating a genuine issue for trial and may not rely on vague conclusory allegations." *Herrera Hernandez v. Churchill*, No. 21-CV-1057, 2025 WL 1865200, at *7 (E.D. Wis. July 7, 2025) (citing *Sommerfield v. City of Chicago*, 863 F.3d 645, 649 (7th Cir. 2017)). As such, and for the arguments and facts within this and the movants opening brief, as well as the briefs in support of Kohl's Motion to Preclude, summary judgment should be granted to Kohl's on all claims.

Respectfully Submitted,
**BRYAN CAVE LEIGHTON PAISNER LLP**

*/s/ Amneet Mand*
Amneet Mand (admitted pro hac vice)
Bryan Cave Leighton Paisner LLP
1260 6th Ave
New York, NY 10104
212-541-1289

Email: amneet.mand@bclplaw.com

AND

Richard P Cassetta (admitted pro hac vice)
Bryan Cave Leighton Paisner LLP
One Metropolitan Square
211 N Broadway - Ste 3600
St. Louis, MO 63102
314-259-2823
Email: richard.cassetta@bclplaw.com

AND

Theodore J Waldeck
WALDECK LAW FIRM PA
121 S 8th St - Ste 1400
Minneapolis, MN 55402
612-375-1550
Fax: 612-375-0647
Email: tjwaldeck@waldeckpa.com

***Attorneys for Defendant Kohl's Corporation***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 29th day of December 2025, the foregoing was served via operation of the Court's electronic filing system to counsel of record, who are listed below:

John Kress
Michael K. Johnson
Anna R. Rick
Johnson Becker PLLC
444 Cedar St - Ste 1800
St. Paul, MN 55101
Email: akress@johnsonbecker.com
Email: mjohnson@johnsonbecker.com
Email: arick@johnsonbecker.com

***Attorneys for Plaintiff Grace Elizabeth Pennington***

*/s/ Amneet Mand*
Amneet Mand